**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| ALONZO NEIL BROWN, ) | |
| ) | No. 2:12-cv-286-DCN |
| Petitioner, ) | No. 2:09-cr-00295-DCN-3 |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on a motion for reconsideration and on a motion to amend, both of which were filed by plaintiff Alonzo Neil Brown ("Brown"). For the reasons stated below, the court denies the motions.

**I.  BACKGROUND**

For an extensive discussion of the facts underlying this case, the court refers readers to its October 16, 2012 order denying Brown's petition for habeas relief.

On March 11, 2009, a federal grand jury indicted Brown on three charges related to the robbery of a Charleston branch of Wachovia Bank. After a two-day trial held on November 17 and 18, 2009, a jury convicted Brown on only one count of the indictment. Specifically, the jury found that Brown was guilty of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 942(a)(2), (e)(1). On June 7, 2010, the court sentenced Brown to a 196-month term of incarceration followed by a five-year term of supervised release. Brown appealed to the Fourth Circuit Court of Appeals, which affirmed this court's decision on April 14, 2011. United States v. Brown, 423 F. App'x 289, 291 (4th Cir. 2011).

On January 30, 2012, Brown filed a petition for post-conviction relief pursuant to 28 U.S.C. § 2255 ("the 2255 petition"). On March 14, 2012, the government filed a motion to dismiss the 2255 petition, or, alternatively, for summary judgment. After receiving an extension of his deadline to respond, Brown opposed to the government's motion on June 15, 2012. On October 16, 2012, the court issued an order denying the 2255 petition and granting summary judgment in favor of the government. In its order, the court considered and rejected each of Brown's arguments in favor of habeas relief. The court also denied a certificate of appealability.

On March 5, 2014, Brown filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("the Rule 60(b) motion"). In this motion, Brown requested that the court "reinstate his previously dismissed habeas petition and open the way for further proceedings." Rule 60(b) Mot. at 6. On March 13, 2014, the court summarily denied the Rule 60(b) motion.

On March 28, 2014, Brown filed, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, a motion for reconsideration of the court's March 13, 2014 order ("the Rule 59(e) motion").

On May 8, 2014, Brown filed a motion to pursuant to Rule 15 of the Federal Rules of Civil Procedure ("the Rule 15 motion"). Brown, through the Rule 15 motion, seeks "leave to amend and supplement his pending motion for reconsideration." Rule 15 Mot. at 1, ECF No. 246.

## II.  STANDARDS

### A.  The Rule 60(b) Motion

Rule 60(b) of the Federal Rules of Civil Procedure states:

2

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Rule 60(b)(4) allows a district court to vacate an otherwise final order only if "the judgment is void." "An order is 'void' for purposes of Rule 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with the due process of law." Wendt v. Leonard, 431 F.3d 410, 412 (4th Cir. 2005). While this statement sounds rather broad, the Fourth Circuit "narrowly construe[s] the concept of a 'void' order under Rule 60(b) (4)" precisely because of the threat to finality of judgments. Id. A judgment will be rendered void only in the rare instance that a court has "clearly usurp[ed]" its legitimate power to exercise jurisdiction. In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998).

Rule 60(b)(6) allows a district court to relieve a party from a final judgment "for any other reason that justifies relief." "While this catchall reason includes few textual limitations, its context requires that it may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of

enumerated reasons given in Rule 60(b)(1)-(5)." Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011) (en banc).

Pursuant to Rule 60(c) of the Federal Rules of Civil Procedure, "a motion for relief under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3) no more than one year after the entry of the judgment or order or the date of the proceeding."

### B.     The Rule 59(e) Motion

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment. Though the rule does not provide a standard under which a district court may grant such motions, the Fourth Circuit has recognized "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citing EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993)). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." Pac. Ins. Co., 148 F.3d at 403 (internal citation omitted); Wright v. Conley, Docket No. 10-cv-2444, 2013 WL 314749, at *1 (D.S.C. Jan. 28, 2013).

### C.  The Rule 15 Motion

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings in civil cases. Rule 15(a)(1) of the Federal Rules of Civil Procedure allows a party to amend its complaint once as a matter of course within 21 days of serving the complaint, or within 21 days after service of a motion to dismiss. Fed. R. Civ. P.

15(a)(1). In all other cases, a party may amend its complaint "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Federal Rules instruct courts to "freely give leave when justice so requires." Id. Leave to amend may be denied where the court finds "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" Davis v. Piper Aircraft Co., 615 F.2d 606, 613 (4th Cir. 1980) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

### III. DISCUSSION

To thoroughly address the Rule 59(e) motion and the Rule 15 motion, the court first discusses its reasons for denying the Rule 60(b) motion.

**A. The Rule 60(b) Motion**

In his Rule 60(b) motion, Brown contended that the court incorrectly classified him as a career offender and that the court failed to take into account evidence calling into question Brown's competency to stand trial.

As an initial matter, the court notes that Brown's Rule 60(b) motion was time-barred, as it was filed almost seventeen months after this court denied his petition for habeas relief. Such a delay in filing cannot be considered timely. Even if the Rule 60(b) motion had been timely, it would nevertheless have failed. The issues that Brown raised were fully considered and rejected by the court in its order denying Brown's 2255 petition. See Order Denying 2255 Pet. at 3-10, ECF No. 233.

Brown failed to show that mistake, inadvertence, surprise, or excusable neglect infected this court's denial of his 2255 petition. Nor did he present newly discovered

evidence or demonstrate that fraud, misrepresentation, or opposing party misconduct took place.  The judgment is not void, it has not been satisfied or discharged, and it is not based on an earlier judgment that has been reversed or vacated.  Finally, Brown failed to present any other reasons that may justify relief.  In short, Brown failed to make any of the showings necessary to warrant relief under Rule 60(b).

The purpose of Rule 60(b) is to correct mistakes made in the issuance of a final judgment or order; it is not a vehicle for re-litigating claims brought by the petitioner in the 2255 petition.  See United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003).  Because Brown merely re-asserted arguments set forth in his 2255 petition, the court properly denied the Rule 60(b) motion.

**B.  The Rule 59(e) Motion**

In the Rule 59(e) motion, Brown asks the court to reconsider its denial of the Rule 60(b) motion.  He asserts that the court should reconsider its summary dismissal of the Rule 60(b) motion both because that decision rests on an error of law and to accommodate an intervening change in the law.

As discussed above, the court's ruling on Brown's Rule 60(b) motion was proper.  As a result, the court will not disturb that ruling on the basis that it rests on an error of law.  What remains to be considered is whether intervening changes in the law merit revisiting the court's denial of Brown's Rule 60(b) motion and 2255 petition.  At the heart of Brown's Rule 59(e) motion is the argument that intervening changes in law – as expressed by the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc) and Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014) – compel

the court to award habeas relief with respect to the armed career criminal enhancement[1] that was applied to Brown's sentence.

Though he argues to the contrary, neither Simmons nor Whiteside provide relief for Brown. Both cases dealt with a particularity of North Carolina law that is not at issue in this case, namely, that state's sentencing regime for Class 1 felonies. In North Carolina, Class 1 felonies are punishable by prison sentences exceeding one year only if the state proves the existence of aggravating factors and the "defendant possesses fourteen or more criminal history points." Simmons, 649 F.3d at 240-41. In Simmons, the court held that a North Carolina Class 1 felony conviction cannot count towards the imposition of a Controlled Substances Act sentencing enhancement unless the defendant was actually sentenced to a term of imprisonment exceeding one year. Id. at 239, 249-50. In Whiteside, a North Carolina habeas petitioner challenged his enhanced sentence on the basis that he would not have been considered a career offender had his sentence been calculated after Simmons. Whiteside, 748 F.3d at 544. The Whiteside court agreed with the petitioner, holding that "a petitioner may challenge his sentence on collateral review based on an incorrect application of the career offender enhancement." 748 F.3d 541, 548.

It is important to note that all of Brown's predicate convictions were levied in South Carolina state courts. None were subject to the North Carolina sentencing regime

---

[1] 18 U.S.C. § 924(e)(1) states that any person "who violates section 922(g) of this title and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years." 18 U.S.C. § 922(g) is the section of the United States Code that bars people convicted of felonies from possessing firearms. "Serious drug offenses" include state law offenses "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

at issue in Simmons and Whiteside. Moreover, unlike the sentences at issue in Simmons and Whiteside, Brown's armed career offender enhancement was not calculated on the basis of hypothetical sentences that he could have received. The presentence investigation report filed by the United States Probation Office shows that Brown had four prior criminal convictions for which he had received sentences of five or ten years' imprisonment. Presentence Report ¶¶ 20-21, 23-24, ECF No. 135. Though his attorney objected that one of these convictions – for conspiracy to commit murder – could not be considered a predicate offense for the purpose of determining Brown's armed career criminal status, the probation officer noted that Brown "meets the criteria for Armed Career Criminal independent of the conviction for conspiracy to Commit Murder. Specifically, Brown was convicted of *Voluntary Manslaughter* on 10/27/99; *Distribution of Crack* on 6/21/96; and *Armed Robbery* on 6/21/96; all qualifying convictions supporting the defendant's status as an Armed Career Criminal" pursuant to U.S.S.G. § 4B1.4 and 18 U.S.C. § 924(e). Addendum to Presentence Report at 1-2, ECF No. 135-1.

The court denies the Rule 59(e) motion because neither Whiteside nor Simmons amount to intervening changes in law that merit the grant of habeas relief and because Brown's armed career offender status was not improperly calculated.

### C. The Rule 15 Motion

Finally, Brown's Rule 15 motion seeks leave to amend his Rule 59(e) motion to include additional argument. Rule 15 governs the amendment of pleadings, not the amendment of motions such as Brown's Rule 59(e) motion. As a result, the court cannot grant the relief that Brown seeks through the Rule 15 motion.[2]

---

[2] Though the court denies the Rule 15 motion for procedural reasons, it notes that it considered the substance of that motion – the applicability of Whiteside – in Section III.B. of this opinion.

## IV.   CONCLUSION

For the foregoing reasons, the court **DENIES** Brown's motion for reconsideration, ECF No. 241, and **DENIES** Brown's motion to amend or correct, ECF No. 246.

**AND IT IS SO ORDERED**.

    **DAVID C. NORTON**
    **UNITED STATES DISTRICT JUDGE**

**June 24, 2014**
**Charleston, South Carolina**

9